UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY KENNEDY,

        Plaintiff,               CIVIL ACTION NO. 08-10267

vs.                              DISTRICT JUDGE ARTHUR J. TARNOW
                                  MAGISTRATE JUDGE DONALD A. SCHEER

BRUCE L. CURTIS, et.al.,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION SEEKING ADDITIONAL 60 DAYS TO SERVE DEFENDANTS AND DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL

This cause comes before the Court on Plaintiff's Second Motion for a 60 day extension to serve the defendants (Docket #12), and his Second Application For Appointment of Counsel (Docket #13), both dated July 13, 2009. Plaintiff's motion for an additional 60 days to serve defendants is hereby GRANTED. The Court orders Plaintiff to serve the complaint upon defendants no later than October 15, 2009. No further extensions will be granted unless extraordinary good cause is shown.

The decision to appoint counsel for an indigent litigant is within the discretion of the district court. LaBeau v. Dakota, 815 F.Supp. 1074, 1076 (W.D. Mich. 1993) (citing Henry v. City of Detroit Manpower Dept., 763 F.2d 757, 760 (6th Cir. 1985), cert. denied, 474 U.S. 1036 (1985)). Appointment of counsel is not a constitutional right. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987). This discretion rests upon a consideration of all the circumstances of the case, including the plaintiff's finances, his efforts to obtain counsel, and most importantly, whether the plaintiff's case appears to be meritorious. Henry at 760.

The Court has no funds to pay attorney fees for an indigent litigant in civil matters. None of the four named defendant have been served with a summons and complaint to date. Appointment of counsel would be premature until service is completed and the viability of Plaintiff's claim is determined. Accordingly, Plaintiff's Application for Appointment of Counsel is DENIED.

The parties to this action may object to and seek review of this Order but are required to act within ten (10) days of service of a copy hereof as provided for in Fed.R.Civ.P. 72(a) and E.D.Mich.LR 72.1(d)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. Fed.R.Civ.P. 72. Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Order. Pursuant to E.D. Mich. LR 72.1(d)(1), a copy of any objection is to be served upon this Magistrate Judge.

SO ORDERED.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: September 4, 2009

---

### CERTIFICATE OF SERVICE

I hereby certify on September 4, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 4, 2009: **Johnny Kennedy.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217
