UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY KENNEDY,

    Plaintiff,                       CIVIL ACTION NO. 08-10267

vs.                                  DISTRICT JUDGE ARTHUR TARNOW
                                       MAGISTRATE JUDGE DONALD A. SCHEER

BRUCE CURTIS, et. al.,

    Defendants,
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion for Summary Judgment should be granted as Plaintiff has shown no compensable interference with his constitutional rights by the handling of his legal mail.

\* \* \*

Plaintiff, while a prisoner at the Cooper Street Correctional Facility (JCS), in Jackson, Michigan filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on January 17, 2008, against Defendant Curtis, the former warden of JCS, and three other JCS employees. Plaintiff alleges that Defendants violated his federal constitutional rights on February 9, 2007, by opening a Federal Express package containing "legal mail", outside his presence, and after he had filed a written request to have such mail opened only in his presence. Plaintiff also alleges that the mail was copied by prison employees without a legitimate penological or government interest. The mail had been sent to him by a law firm representing him in a civil matter, and was not related to a criminal case. Alleging that the actions of defendants interfered with his relationship with the law firm, Plaintiff sought declaratory relief as well as monetary damages.

Defendants filed a Motion for Summary Judgment on March 2, 2010, based upon a failure to state a claim upon which relief may be granted and qualified immunity. Defendants assert, and Plaintiff stipulates, that the package sent by the law firm was addressed to the Plaintiff in care of Nick Thomas, the Warden's Administrative Assistant. Prison policy treats this mail as addressed to the staff person and not the prisoner. Such mail is to be served on the prisoner and notarized. The return of process is mailed back to the sender.

In lieu of a response to Defendant's Motion for Summary Judgment, Plaintiff filed a Motion for Voluntary Dismissal Without Prejudice on May 13, 2010. Plaintiff stated that he wanted to dismiss the complaint against all defendants, without prejudice, after reviewing his complaint and "conducting further investigations." He offered no other justification for the request (Docket # 38). In an Order Adopting the Magistrate Judge's Report and Recommendation, dated June 24, 2010, the Court denied Plaintiff's Motion to Dismiss Without Prejudice (Docket #41).

STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. Covington v. Knox County Sch. Sys., 205 F.3d 912, 914 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. Id  A mere scintilla of evidence is

insufficient to defeat a supported motion for summary judgment. Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings and affidavits. Ashbook v. Block, 917 F.2d 918, 921 (6th Cir. 1990); see also Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

INTERFERENCE WITH INCOMING MAIL

A prisoner's right to receive mail is protected by the First Amendment, but prison officials may impose restrictions that are reasonably related to security or other legitimate penological objectives. See Knop v. Johnson, 977 F.2d 996, 1012 (6th Cir. 1992). As the Sixth Circuit has noted, "prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security." Lavado v. Keohane, 992 F.2d 601, 607 (6th Cir. 1993). However, prison officials who open and read incoming mail in an arbitrary and capricious fashion violate a prisoner's First Amendment rights. See Parrish v. Johnson, 800 F.2d 600, 604 (6th Cir. 1986).

Courts have heightened concerns with allowing prison officials unfettered discretion to open and read an inmate's "legal mail". A prison's security needs do not automatically trump a prisoner's First Amendment right to receive mail, especially correspondence that impacts upon or has import for the prisoner's legal rights, the attorney-client privilege, or the right of access to the courts. See Kensu v. Haigh, 87 F.3d 172, 174 (6th Cir. 1996) ("The right of a prisoner to receive materials of a legal nature, which have impact upon or

3

import with respect to that prisoner's legal rights and/or matters, is a basic right recognized and afforded protection by the courts ...."); see also Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) ("In balancing the competing interests implicated in restrictions on prison mail, courts have consistently afforded greater protection to legal mail than to non-legal mail....").

In an attempt to accommodate both the prison's needs and the prisoner's rights, courts have approved prison policies that allow prison officials to open "legal mail" and inspect it for contraband in the presence of the prisoner. See, e.g., Wolff v. McDonnell, 418 U.S. 539, 577 (1974) (upholding such a policy against a Sixth Amendment attorney-client privilege claim and a Fourteenth Amendment due process claim based on access to the courts). In Knop, the Sixth Circuit addressed an opt-in system in which prison officials could open any mail sent to a prisoner unless the prisoner affirmatively requested that "privileged mail," defined by the policy as mail sent by a court or by counsel, be opened in his presence. Knop v. Johnson, 977 F.2d at 1012. The court found that the opt-in system was constitutionally sound as long as prisoners received written notice of the policy, did not have to renew the request upon transfer to another facility, and were not required to designate particular attorneys as their counsel. Id.

However, not all mail that a prisoner receives from a legal source will implicate constitutionally protected legal mail rights. In Sallier v. Brooks, 343 F.3d 868 (6th Cir. 2003), the court found that mail from legal sources having little or nothing to do with safeguarding a prisoner's access to the courts, or protecting an inmate's relationship with an attorney, could be opened outside the presence of a prisoner. The Sallier court specifically ruled, for instance, that mail from county clerks, registrars of deeds or bar associations were not entitled to special handling by prison officials because such correspondence generally did

not contain confidential, personal or privileged material. Id. at 876. The Sallier court emphasized that the only mail that qualified as "legal mail," entitling it to First Amendment protection, was correspondence sent by courts or attorneys at law. Id. at 877-878. (We find that the prisoner's interest in unimpaired, confidential communication with an attorney is an integral component of the judicial process and, therefore, that as a matter of law, mail from an attorney implicates a prisoner's protected legal mail rights).

DISCUSSION AND ANALYSIS

Plaintiff's legal mail was opened in February 2007. According to attached affidavits, Defendant Thomas opened Plaintiff's legal mail in accordance with the applicable policy directive in order to search for contraband and to notarize and return the contents. (See affidavit of Defendant Spence, attached as Exhibit 1 to Defendants' Motion for Summary Judgment; See affidavit of Defendant Curtis, attached to Exhibit 2 to Defendants' Motion for Summary Judgment Motion).

PERSONAL INVOLVEMENT

Plaintiff seeks compensatory and punitive damages for the opening of his legal mail outside his presence. In order to state a claim for monetary damages under §1983, however, the Plaintiff must allege specific, personal wrongdoing on the part of each individual defendant, and theories of vicarious liability or respondeat superior are not sufficient. Rizzo v. Goode, 423 U.S. 362, 376 (1976); Poe v. Haydon, 853 F.2d 418, 429 (6th Cir. 1988), cert. denied, 488 U.S. 1007 (1989).

A review of the Complaint reveals that Plaintiff has failed to establish that Defendants Curtis (Warden), Wingart (Mailroom Supervisor) or Spence[1] (Mailroom Lead

---

[1]Defendant Angela Spence was formerly known as Angela Back.

**5**

Worker) had any direct, personal involvement with the opening of his legal mail. There is no allegation that any of these defendants personally opened Plaintiff's mail, or that they actively encouraged anyone else to do so. To the extent Plaintiff complains about a failure to respond to his grievances, the general rule is that a combination of knowledge of a prisoner's grievances and failure to respond to or remedy the complaints is insufficient to impose liability upon supervisory personnel under § 1983. Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir. 1982), cert. denied, 459 U.S. 833 (1982).

Defendants Curtis, Wingart and Spence were merely part of the prison administration during the relevant time, and there is no evidence that any "policy" personally promulgated by them had anything to do with Plaintiff's treatment. Moreover, Plaintiff has not shown that these Defendants had "actual knowledge of a breakdown in the proper workings of the department." See Hill v. Marshall, 962 F.2d 1209, 1213 (6th Cir. 1992). Absent a showing that they were personally or directly involved, these defendants should not be held liable for compensatory damages. Accordingly, the monetary claim against them should be dismissed regardless of the constitutional sufficiency of Plaintiff's actual treatment.

## QUALIFIED IMMUNITY

Although Defendant Nick Thomas had personal involvement in opening Plaintiff's legal mail, he is entitled to qualified immunity. The Supreme Court has set forth a two prong test for analyzing qualified immunity. First, a court must determine whether a constitutional right has been violated. Second, the court must consider whether the violation involved a clearly established constitutional right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

The Sixth Circuit has added another facet to the question of whether a prison official is entitled to qualified immunity. In <u>Barnes v. Wright</u>, 449 F.3d 709 (6th Cir. 2006) the court held that there must also be a determination of whether the Plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional right. <u>Id</u>. at 715.

While Plaintiff has established a constitutional right to have his legal mail opened in his presence, he has failed to demonstrate that Defendant Thomas' conduct was objectively unreasonable in light of the fact that the mail was addressed in care of Nick Thomas. Given the practice of sending mail to prison staff for the purpose of having them serve process upon prisoners, it is reasonable for those letters to be opened in offices of the prison official and not in front of the prisoners. Individual claims of immunity must be analyzed on a fact-specific, case by case basis, <u>O'Brien v. City of Grand Rapids</u>, 23 F.3d 990, 999 (6th Cir. 1994). Defendant Thomas was carrying out an established agency policy promulgated in an effort to achieve legitimate penological and clerical objectives. Plaintiff has not been able to show an interference with right of access to the courts or interference with his relationship with counsel. Aside from his own assertion, Plaintiff has not shown that Defendant Thomas read or copied Plaintiff's legal mail. While Defendant Thomas' conduct may arguably have failed to meet constitutional requirements, I am satisfied that it was not objectively unreasonable under the facts of this case.

<u>MENTAL ANGUISH</u>

Plaintiff seeks compensatory and punitive damages stemming from a "nervous breakdown" he suffered as a result of this incident (Complaint ¶ 16). This category of damages, however, is barred under § 1983 without a prior showing of physical injury.

7

The Prison Litigation Reform Act specifically prohibits monetary damages solely for emotional distress.

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a showing of physical injury.
>
> 42 U.S.C. § 1997e(e)

The Complaint alleges only emotional injuries stemming from the defendants' alleged misconduct. Since Plaintiff has not alleged any physical injuries, his claim for monetary damages is barred by § 1997e(e).

Having neither suffered nor alleged a remediable harm, Plaintiff has failed to allege a compensable constitutional violation. Accordingly, I am persuaded that the Defendants' Motion for Summary Judgment should be granted and the instant Complaint dismissed.

III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir.

1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                    s/Donald A. Scheer
                                                    DONALD A. SCHEER
                                                    UNITED STATES MAGISTRATE JUDGE

DATED: August 5, 2010

_____

**CERTIFICATE OF SERVICE**

     I hereby certify on August 5, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 5, 2010: **Johnny Kennedy.**

                                                    s/Michael E. Lang
                                                    Deputy Clerk to
                                                    Magistrate Judge Donald A. Scheer
                                                    (313) 234-5217